

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. O-4963
Re: Minor may legally serve as
assistant county auditor.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Article 1650, R.C.S., as amended by acts of the 44th Legislature in 1935, provides for the appointment, by the district judge or judges of assistants to county auditors. Nothing is said in this law with reference to the age of such assistants and your opinion is requested as to whether assistants so appointed must be twenty-one years of age."

Article 1650, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The County Auditor of any county of this State may, at any time, with the consent of the District Judge or District Judges having jurisdiction as hereinafter provided, appoint a first assistant and other assistants who shall be authorized to discharge such duties as may be assigned to them by the County Auditor and provided for by law. In counties where only one assistant is appointed, such assistant shall be authorized to act for the County Auditor during his absence or unavoidable detention with respect to such duties as are required by law of the County Auditor. In counties in which more than one assistant shall be appointed, the County Auditor may designate the assistant who shall be authorized to act for him during his absence or unavoidable detention. All of said assistants shall take the usual oath of office for faithful performance of duty and may be required to give such bond as the County Auditor may

Honorable R. A. McElrath, Page 2

determine which bond shall be paid for by the county and shall run in favor of the county and of the County Auditor as their interest may appear.

"The County Auditor shall prepare a list of the number of deputies sought to be appointed, their duties, qualifications and experience, and the salaries to be paid each, and shall certify the list to the District Judge, or in the event of more than one District Judge in the county, to the District Judges, and the District Judge or the District Judges shall then carefully consider the application for the appointment of said assistants and may make all necessary inquiries concerning the qualifications of the persons named, the positions sought to be filled and the reasonableness of the salaries requested, and if, after such consideration, the District Judge, or in the event of more than one District Judge, a majority of the District Judges shall approve the appointments sought to be made or any number thereof, he or they shall prepare a list of the appointees so approved and the salaries to be paid each and certify said list to the Commissioners Court of said county. The Commissioners Court shall thereupon order the amount paid from the General Fund of said county upon the performance of the services; and said Court shall appropriate adequate funds for the purpose; provided that the total number of assistants allowed to any county under this Article shall not exceed two (2) assistants in counties having less than fifty thousand (50,-000) inhabitants, one assistant in counties having not less than fifty-three thousand, nine hundred and thirty-six (53,936), and not more than fifty-four thousand (54,000) inhabitants according to the last preceding Federal Census, four (4) assistants in counties having between fifty thousand (50,000) and one hundred thousand (100,000) inhabitants, six (6) assistants in counties having between one hundred thousand (100,000) and one hundred and fifty thousand (150,000) inhabitants, ten (10) assistants in counties having between one hundred and fifty thousand (150,000) and two hundred and seventy-five thousand (275,000) inhabitants, and fifteen (15) assistants in counties having more than two hundred and seventy-five thousand (275,000) inhabitants, in each instance according to the last preceding or any future Federal

Honorable R. A. McElrath, Page 3

Census, exclusive in each instance of the first
assistant, and such temporary assistants as may be
needed in cases of bona fide emergencies, the num-
ber of such temporary assistants, their salaries
and the duration of employment to be recommended
by the County Auditor but to be determined by the
District Judge or by a majority of the District
Judges as the occasion may require, provided in
counties having three hundred and thirty thousand
(330,000) inhabitants or more according to the
last preceding or any future Federal Census in
like manner the Judges of the District Courts may
authorize the appointment of additional regular
assistants when in their judgment a necessity
exists therefor. The County Auditor shall have
the right to discontinue the services of any as-
sistant employed in accordance with the provisions
of this Article, but no assistant shall be employed
except in the manner herein provided. The District
Judge or District Judges giving consent to the
Auditor to appoint an assistant or assistants
shall annually have the right to withdraw such
consent, and change the number of assistants per-
mitted.

"The County Auditor shall be authorized to
provide himself with all necessary ledgers, books,
records, blanks, stationery, equipment, telephone
and postage at the county's expense, but all pur-
chases thereof shall be made in the manner pro-
vided for by law. (As amended Acts 1935, 44th
Leg., p. 763, ch. 333, § 1.)"

The above quoted statute provides no age require-
ments for assistant county auditors. We have been unable to
find any statute whatever requiring age qualifications for
such assistants.

We quote from 34 Texas Jurisprudence, p. 345, as
follows:

". . . In so far as the decisions have dealt
with the matter it is held . . . <u>that both minors
and women can be deputy clerks,</u> and a woman's eli-
gibility is not affected by the fact that she is
married." (Underscoring ours)

Honorable R. A. McElrath, Page 4

The case of Harkreader v. State, 33 S. W. 117, Texas Court of Criminal Appeals, holds that a minor may legally serve as a deputy county clerk.

The case of Delaney v. State, 90 S. W. 642, Texas Court of Criminal Appeals, holds that a deputy district clerk need not be a qualified voter and may be a woman. This case cited the Harkreader case, supra.

You are respectfully advised that it is the opinion of this department that a minor may legally serve as assistant county auditor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp

